PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEROME RICHARDSON, | ) |
|       Petitioner, | ) CASE NO. 5:18CV2226 |
| v. | ) JUDGE BENITA Y. PEARSON |
| DAVID J. EBBERT, Warden, | ) |
|       Respondent. | ) **MEMORANDUM OF OPINION AND ORDER** |

*Pro se* Petitioner Jerome Richardson, a federal prisoner incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner originally filed the petition in the United States District Court for the Middle District of Pennsylvania. *See id*. The Pennsylvania District Court transferred the case to this Court because the petition challenges this Court's sentencing of Petitioner in a 2013 criminal case, *United States v. Richardson*, Case No. 5:13-CR-87, ECF Nos. 7, 8. Petitioner also has filed a motion to proceed *in forma pauperis*, which is granted. ECF No. 6. For the following reasons, the petition is dismissed.

**I. Background**

On August 9, 2013, Petitioner entered a guilty plea before this Court to a charge of robbery in the case *United States v. Richardson*, Case No. 5:13-CR-87. *See* Case No. 5:13-CR-87, ECF No. 31 (Report and Recommendation on Plea of Guilty). On December 23, 2013, the Court sentenced him to 151 months' imprisonment and three additional years of supervised

(5:18CV2226)

release.  Case No. 5:13-CR-87, ECF No. 42 (Sentencing Judgment).  As part of his sentencing, he was classified as a career offender under the United States Sentencing Guidelines and received an enhanced sentence under the Sentencing Guideline's residual clause (§ 4B1.1).

Petitioner filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255 in the 2013 Criminal Case on July 5, 2016.  Case No. 5:13-CR-87, ECF No. 50.  In the petition, he claimed the sentence enhancement was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which invalidated the Armed Career Criminal Act's ("ACCA") residual clause as unconstitutionally vague under the Due Process Clause of the Fifth Amendment.  Case No. 5:13-CR-87, ECF No. 50 at PageID#: 280-81.

In August 2016, Petitioner's § 2255 petition was stayed and held in abeyance pending a decision in *Beckles v. United States*, in which the Supreme Court was to consider whether *Johnson* could be invoked in § 2255 actions challenging Guidelines-based sentences.  *See* Case No. 5:13-CR-87, ECF No. 55.  On March 6, 2017, the Supreme Court issued its decision in *Beckles*, holding that the Sentencing Guidelines' residual clause remains valid after *Johnson* because the Guidelines, unlike the ACCA, "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

In this § 2241 petition, Petitioner requests that the Court: (1) lift the stay-and-abeyance of his § 2255 petition in the 2013 Criminal Case; and (2) correct his sentence in accordance with *Johnson*.  ECF No. 1 at PageID #: 6.

(5:18CV2226)

## II. Discussion

The petition must be dismissed. District courts conduct a preliminary review of habeas corpus petitions to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to habeas petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

Generally, habeas corpus petitions challenging the validity of a federal conviction or sentence are brought under 28 U.S.C. § 2255, whereas habeas petitions challenging the manner or execution of a sentence are brought under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). In *Hill*, the Sixth Circuit held that a sentence-enhancement claim may be raised in a § 2241 petition in a "narrow subset" of cases by prisoners:

> (1) . . . who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599-600 (citation omitted).

Petitioner's petition on its face does not fall within *Hill*'s exception. Petitioner was not sentenced under the pre-*Booker* mandatory guideline regime but was sentenced post-*Booker*, on December 23, 2013. *See* ECF No. 1 at PageID # 2. He also was not foreclosed from filing a successive petition under § 2255. He did just that, and that petition remains pending. Case No.

3

(5:18CV2226)

5:13-CR-87, ECF No. 50.  Finally, there is no subsequent, retroactive change in statutory interpretation by the Supreme Court revealing that a previous conviction is not a predicate offense for a career-offender enhancement.

### III. Conclusion

Accordingly, Petitioner's § 2241 petition for writ of habeas corpus is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 February 28, 2019     /s/ Benita Y. Pearson
Date                                                              Benita Y. Pearson
                                                                         United States District Judge